FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 2 4 2003

LUTHER D.
By: /s/ R Martin
        Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DATASCAPE, INC., a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> FLEETBOSTON FINANCIAL CORPORATION, a Rhode Island Corporation, and FLEETBANK (RI), NATIONAL ASSOCIATION, a banking organization chartered in Rhode Island, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 1:01-CV-2246-CAP |
| DATASCAPE, INC., a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROVIDIAN FINANCIAL CORPORATION, a Delaware Corporation, and PROVIDIAN NATIONAL BANK, a banking organization chartered in New Hampshire, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 1:01-CV-3252-CAP |
| VISA USA, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> DATASCAPE, INC., a Georgia Corporation, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 1:02-CV-0289-CAP |



## O R D E R

This matter is now before the court on Datascape's motion to compel discovery on the issue of willful infringement, Datascape's motion for clarification of the court's scheduling orders, and the defendants' motion for a protective order. These motions all concern the timing of discovery relating to Datascape's allegation of willfulness.

## DISCUSSION

This matter involves three patent infringement actions which have been partially consolidated for purposes of claim construction and prior art statements. The patents-in-suit relate to methods for allowing communications to transpire over the Internet between a non-standard input/output device, which can be a smart card and/or a smart card reader, and a remote computer server. Smart cards are credit cards that include a microchip with stored information about the cardholder.

Prior to consolidation, the court issued orders governing the course of discovery in the individual actions.[1] In those orders, the court directed that "[r]egardless of whether it has plead willfulness, the plaintiff shall be entitled to discover from the

---

[1] Before this matter was consolidated, the court issued discovery orders in the Fleet and Providian actions. Those orders were identical in every respect except scheduling, which has now been modified so that the same deadlines govern all three actions. Although the court did not issue an individual discovery order in the Visa action, the same discovery provisions will apply to all three of the consolidated actions.

defendant whether there is a factual basis for such an allegation." Moreover, "[i]f and when willfulness is plead with the requisite particularity, the issue shall be bifurcated and shall be considered only if, and after, liability is established." Regarding the discovery of materials relating to advice of counsel, the court stated:

> If the defendant relies on advice of counsel as a defense to willfulness, it shall produce to the plaintiff: (1) copies of all written advice it received concerning the patents that it is charged with infringing; and (2) an identification of any oral advice it received concerning the patents that it is charged with infringing, including (a) the giver(s) of the advice; (b) the recipient(s) of the advice; (c) the date of the advice; and (d) the substance of the advice.
> No depositions may be taken of counsel who gave the advice until the conclusion of the liability trial, and then only if liability is found. . . .

The parties agree that Datascape has met the pleading requirements for its willful infringement claim. However, they dispute whether discovery relating to the issue of willfulness is now bifurcated. Datascape seeks an order requiring the defendants to proceed with discovery on the issue of willfulness and compelling them to substantively respond to its willfulness-related discovery requests. In the alternative, it asks for clarification with respect to how and when discovery should proceed on the issue of willfulness. In response, the defendants seek a protective order precluding Datascape from seeking discovery on the issue of willfulness until after liability, if any, is established and from demanding opinion evidence until after each of the defendants has decided whether to rely on advice of counsel as a defense.

In its discovery orders, the court effectively bifurcated the trial on the issues of liability and willfulness. One rationale underlying this decision is that it prevents the defendants from being forced to make a decision early in the litigation as to whether they want to invoke the advice-of-counsel defense to willfulness and thereby waive the attorney-client privilege and work-product immunity. See Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed. Cir. 1991) (advising trial courts to give serious consideration to a separate trial on willfulness, as "an accused infringer . . . should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found").[2]

The court concludes that in order to fully realize that goal, it must also stay discovery of privileged information relating to the advise of counsel defense until after liability has been established. See, e.g., Avia Group Int'l, Inc. v. Nike, Inc., 22 U.S.P.Q. 1475, 1478 (D. Or. 1991) (staying discovery of attorney-client privileged information and attorney work product relating to enhanced damages and attorneys' fees until after a determination of

---

[2] This dilemma is caused by the fact that, in the event that a defendant does not waive the privilege and introduce an exculpatory opinion of counsel at trial, the court may infer either that no opinion was obtained or that an opinion was obtained but was unfavorable to the defendant. Fromson v. Western Litho Plate & Supply Co., 853 F.2d 1568, 1572-73 (Fed. Cir. 1988).

liability); <u>Rohm and Haas Co. v. Mobil Oil Corp.</u>, 654 F. Supp. 82, 86-87 (D. Del. 1987) (staying discovery of potentially privileged evidence and the depositions of attorneys for the purpose of establishing willfulness until after a determination of liability). <u>See also</u> James M. Amend, <u>Patent Law: A Primer for Federal District Court Judges</u> 11 (1998) (recommending a stay of discovery concerning advice of counsel and other privileged information until post-liability proceedings). Moreover, granting such a stay will not significantly prolong the litigation, as the court has already deferred depositions of counsel on this issue.

However, because there may be some overlap in the evidence that is relevant to liability and to willfulness, the court will defer only discovery which relates to potentially privileged information. Any other discovery relating to the issue of willfulness will not be stayed.

## CONCLUSION

For the foregoing reasons, the court hereby:

(1) GRANTS in part and DENIES in part Datascape's motion to compel discovery on the issue of willful infringement [Doc. No. 53-1 (Case No. 1:01-CV-2246), Doc. No. 25-1 (Case No. 1:01-CV-3252), Doc. No. 41-1 (Case No. 1:02-CV-0289)];

(2) GRANTS Datascape's motion for clarification of the court's scheduling orders [Doc. No. 53-2 (Case No. 1:01-CV-2246), Doc. No. 25-2 (Case No. 1:01-CV-3252), Doc. No. 41-2 (Case No. 1:02-CV-0289)];

(3) adds the following to Section IV of the discovery orders: "Any discovery directed to advice given by counsel, or in any other way concerning privileged information, should also be deferred to post-liability proceedings." and

(4) DENIES as moot the defendants' motion for a protective order [Doc. No. 57-1 (Case No. 1:01-CV-2246), Doc. No. 29-1 (Case No. 1:01-CV-3252), Doc. No. 45-1 (Case No. 1:02-CV-0289)].

SO ORDERED, this 24 day of February, 2003.

CHARLES A. PANNELL, JR.
United States District Judge